

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion O-2806
Re: Authorization of Highway
Commission to reject bids.

We acknowledge receipt of your letter of October 3, 1940, in which you request the opinion of this department as to whether or not the State Highway Commission is authorized to reject the bid of J. E. Barnhill and return to him his proposal guaranty and award the contract to the next lowest bidder. The following quotation from your letter establishes the basis upon which your request is made and this opinion is rendered:

"On September 25, 1940, the Highway Commission received, opened, and read bids of contractors for construction of 10.024 miles of Grading, Drainage Structures, Flexible Base and Base Preservative on U.S. Highway 54 in Sherman County. Immediately after bids were opened and read, and before any bids had been tabulated, Mr. J. E. Barnhill, one of the bidding contractors, advised the Department by letter that his bid of 17¢ per cubic yard on Class "A" concrete was in error; that he had intended to bid $17.00 per cubic yard on that item and thought he had done so, and in view of the obvious error, requested the Commission to not consider the bid as submitted.

"For your information, bid prices on Class "A" concrete ordinarily run from $16.00 to $30.00 per cubic yard. All bids on the above project have been tabulated and it is found that the bid of J. E. Barnhill is about $6,800.00 lower than the next lowest bid. Had Mr. Barnhill bid $17.00 

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable D. C. Greer, Page 2

> per cubic yard for Class "A" concrete instead
> of 17¢ per cubic yard, his bid would have been
> approximately $2,000.00 higher than the next
> lowest bid."

The remainder of your letter is devoted to references to statutes and items of the Standard Specifications published by the Highway Commission. We appreciate your cooperation and assistance in pointing out to us the authority which you consider pertinent to the question at hand.

The first sentence of Article 6674i, Vernon's Annotated Civil Statutes of Texas, states that "The State Highway Department shall have the right to reject any and all such bids . . ." It thus appears that the Legislature has delegated to the Highway Commission the right on its own motion to reject any bid which it does not desire to consider. You state in your opinion request that the award of contract covering the construction of the project involved has not yet been made. It is therefore unnecessary to consider this point further. In accordance with the above quoted provision of Article 6674i, we find the following provision in item 3.1 under the heading "Award and Execution of Contract" of the Standard Specifications:

> "* * * Until the award of the contract is
> made, the right will be reserved to reject any or
> all proposals and to waive such technicalities as
> may be considered for the best interest of the
> State."

The following provision is taken from Item 2.10 of Item 2, under the heading "Instructions to Bidders" of the Standard Specifications:

> "* * * Proposals in which the prices are
> obviously unbalanced may be rejected * * *"

The information which you have submitted to us indicates beyond doubt that Mr. Barnhill's bid of 17¢ per cubic yard on Class "A" concrete not only is in error but also is so unreasonable as to immediately appear ridiculous. It is obvious that no contractor would submit intentionally or seriously any such bid. The fact that Mr. Barnhill's bid on Class "A" concrete is patently erroneous distinguishes the fact situation which you have presented to us from those cases involving intentional underbids or simple errors of calculation.

As above stated it appears that the Highway Commission is authorized by law to reject any bid which it does not see fit to consider. The Highway Commission itself has recognized the authority thus conferred upon it and has included in its Standard Specifications a provision directly in line with the statutes. We believe that under this authority alone the Highway Commission is authorized to reject the bid in question.

It does not appear upon the information furnished us that any other classes included in Mr. Barnhill's bid are out of line or unbalanced. Taking his bid on Class "A" concrete alone, it unquestionably is unbalanced in so far as its ratio to the usual and customary bids on the same material is concerned. We believe that a mistake so obvious will come under the quoted provision of Item 2.10 of Item 2 of the Standard Specifications.

For the reasons stated above, it is the opinion of this department that the Highway Commission is authorized to reject the bid of J. E. Barnhill and to return to him his proposal guaranty and award the contract to the next lowest bidder.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Ross Carlton
Assistant

RC:rw

APPROVED OCT 19, 1940

_____
Acting - ATTORNEY GENERAL OF TEXAS